IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TONY WAYNE PRITCHETT                                                                PLAINTIFF

v.                                         Civil No. 4:18-CV-04073

OFFICER WEBB, *et. al.*                                                             DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is a Motion to Dismiss pursuant to Local Rule 5.5(c)(2) by Defendants Webb, Miller, Griffie, and Adams. (ECF No. 18).

### I. BACKGROUND

On April 26, 2018, the Court entered an Order granting *in forma pauperis* (IFP) status to Plaintiff. (ECF No. 3). This Order advised Plaintiff that his case would be subject to dismissal if he failed to inform the Court of an address change within 30 days from his transfer or release. (*Id.*). On May 25, 2018, and May 29, 2018, mail sent to Plaintiff was returned as undeliverable. (ECF Nos. 14, 15, 16). On June 25, 2018, Defendants filed their Motion to Dismiss, stating they had been unable to effect service of correspondence and a deposition notice on Plaintiff, as mail sent to him had been returned as undeliverable. (ECF Nos. 18, 20).

Plaintiff has not communicated with the Court since May 11, 2018. (ECF No. 9).

1

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2).  Plaintiff has failed to comply with a Court Order.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), I recommend that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of July 2018.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE